KETCHENS vs. HOWARD.

1. When to an equity charged in a bill, the defendant only interposes a denial upon his information and belief, the injunction will not be dissolved.
2. An injunction will be totally, or partially, dissolved according to the exigencies of the case.

Motion in Equity, from Terrell Superior Court. Decided by Judge PERKINS, May Term, 1860.

This was a bill filed by John T. Howard, alleging that on the 10th day of January, 1860, he purchased of the plaintiff in error, a settlement of land, consisting of four lots, in said county, for $11,000 00, for which he gave him his four notes of $2,750 00—each payable in one, two, three and four years respectively; that directly after the purchase, Ketchens delivered to him a deed executed by Moses H. Baldwin, when a question arose as to the true character of the deed, complainant saying it was only a quit claim deed, which Ketchens admitted, but stated that Baldwin had agreed to make defendant a warranty deed, and that he would get him to execute such a deed. Upon the faith of this assurance, complainant consented to give his notes, which he would not have done, defendant being a man of limited means, and unable to respond upon a warranty. Complainant charges that Ketchens has failed to get said warranty deed, and that he has recently ascertained there are fi. fas. to the amount of some $8,000 00 or $9,000 00, to the payment of which the land is subject; and that there are two fi. fas. amounting to some $2,500 00. against Mathew Williams, which have recently been levied on the land; that complainant had no knowledge of these incumbrances when he purchased. There are other fi. fas. amounting to some $4,000 00 or $5,000 00, levied on said land; and that Baldwin has interposed his claim. It is further charged that the land is subject to these fi. fas. and that Ketchens intends to transfer complainant's notes, so that he will not only have to pay them but lose the land also; that he is willing and desirous of paying his notes when due, provided they remain in the hands of defendant, so that when said land is subjected to the payment

of said *fi. fas.* and complainant has to pay them off, such payment shall be *pro tanto* a payment of said notes.

Prayer for an injunction to restrain defendant from transferring complainant's notes, etc.

The defendant, Ketchens, filed his answer, admitting the bill in substance as above stated, except that he denied that complainant knew nothing of the incumbrances referred to; that he knew at the time of the trade, that the land was in litigation; he denied agreeing to get a warranty deed from Baldwin; that complainant had seen Baldwin before the trade; heard what he had to say about it, and knew he would not execute such a deed; that complainant had agreed to take defendant's warranty deed at the time of the trade, remarking, as he did, that he could not be hurt, as he considered the land worth all of $20,000 00.

Upon the coming in of the answer, counsel for defendant moved to dissolve the injunction, on the ground that the equity in the bill had been sworn off by the answer.

The Court refused the motion, and counsel for defendant excepted.

........., for plaintiff in error.

........., *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

After carefully considering the testimony in this case, our conclusion is to affirm the judgment of the Court below refusing to dissolve the injunction to this extent, namely, that Ketchens be permitted to trade, or otherwise dispose of the notes given to him by Howard for the land after the same fell due, and as each note becomes due, so that the holder or transferee trading for them after maturity, be chargeable with all the equities existing between the original parties.

One of the main equities set up in the bill, to-wit: that the complainant was ignorant of the judgment lien on two lots, and that this fact was not known to him when he traded for the land and gave his notes; is only denied by the defendant to be true upon his information and belief.